IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTTWAINE MANDWELL DUNLAP,       )<br>    Petitioner,                                     )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>                                                        )<br>J.C. STREEVAL,                                )<br>    Respondent.                                )  | Civil Action No. 7:20-cv-00275<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Anttwaine Mandwell Dunlap, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Dunlap asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his conviction is invalid. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (allowing § 2241 challenge to federal conviction). Respondent has filed a response in opposition and motion to dismiss the petition, arguing that the court lacks jurisdiction over the petition, Dunlap has procedurally defaulted his claims, and the claims fail on the merits.

For the reasons set forth herein, the court concludes that jurisdiction is lacking over Dunlap's § 2241 petition and will, therefore, grant respondent's motion and dismiss the petition.

I.  BACKGROUND

**A. Procedural History**

Dunlap filed the petition on May 12, 2020. He subsequently filed motions for appointment of counsel and for default judgment, both of which were denied. (Dkt. Nos. 3, 6, 9, 10.) After requesting and being granted two extensions of time, respondent filed a response in opposition to the petition, with supporting exhibits, on August 31, 2020. (Dkt. Nos. 4, 5, 7, 8, 11, 11-1–11-9, 12.) Although he was notified of his opportunity to file a reply to respondent's

1

opposition and, in fact, requested an extension of time in which to do so (which the court granted), Dunlap did not file a reply. (Dkt. Nos. 13, 15, 16.)

**B. Factual Background**

On November 5, 2003, pursuant to a written plea agreement, Dunlap pled guilty in the U.S. District Court for the Eastern District of Virginia to three counts of a multi-count superseding indictment: conspiracy to possess with intent to distribute cocaine base; being a felon in possession of a firearm; and use of a firearm during and in relation to a drug trafficking crime. The court dismissed the remaining counts pursuant to the plea agreement. The district court sentenced Dunlap, on March 2, 2004, to a total term of life plus 60 months in prison and five years of supervised release. He did not appeal.

In January of 2006, Dunlap filed a motion to vacate sentence under § 2255 in the sentencing court. The court dismissed the motion as untimely. In November of 2006, Dunlap filed another motion to vacate and/or reconsideration of the dismissal of the earlier § 2255 motion, which the court denied. Dunlap appealed the dismissal, as well as the sentencing court's denial of his motion for reconsideration. The Court of Appeals for the Fourth Circuit dismissed as untimely the appeal with respect to the dismissal of the first motion to vacate and affirmed the district court's denial of the motion for reconsideration.

Dunlap subsequently filed a motion for retroactive application of the United States Sentencing Guidelines (USSG) pursuant to 18 U.S.C. 3582, which the sentencing court denied. The Fourth Circuit affirmed the denial and denied Dunlap's motions for rehearing and rehearing *en banc*. In November of 2019, Dunlap filed a motion to reduce his sentence pursuant to the First Step Act of 2018, which the sentencing court granted and reduced his sentence for the drug count to 420 months' imprisonment, followed by the consecutive 60-month term of

imprisonment for the § 924(c) count. Most recently, Dunlap filed another § 2255 motion in the sentencing court, which the court denied as an unauthorized second or successive motion to vacate. Again, Dunlap appealed, and, again, the appellate court affirmed the denial.

## C. Petition

Dunlap's current petition raises several claims based on the Supreme Court's recent decision in *Rehaif*, 139 S. Ct. at 2194 (holding that the word "knowingly" applied both to defendant's conduct and to defendant's status). (Pet. 5, 6–8, Dkt. No. 1; Pet'r's Mem. 1–3, Dkt. No. 1-1.) Dunlap argues that: (1) the superseding indictment failed to give him notice of the penalty provision of § 922(g); (2) the Government's presentment of its version of the statute was "misleading" and circumvented its burden of proof; (3) he stands "unduly convicted" of an erroneous interpretation of Congress' statute and this omission, followed by the court's application of the erroneous interpretation, created a separation of powers violation; and (4) his guilty plea was not knowing, intelligent, and voluntary, and the court erred in accepting his plea without advising him of the status element. (Pet. 6–8.)

## II. DISCUSSION

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

3

In *Jones*, the Fourth Circuit explained that § 2255 is "inadequate or ineffective" to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333–34. Where a petitioner is challenging the legality of his sentence (as opposed to his conviction) § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for successive motions;[1] and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The *Wheeler* court also affirmed that the requirements of the savings clause are jurisdictional. *Id.* at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must meet the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–

---

[1] Section 2255(h) provides in relevant part that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

…

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

29. Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Ledezma-Rodriguez v. Brecken*, No. 7:18-cv-00268 (JLK), 2019 WL 4644556, at *2 (W. D. Va. Sept. 24, 2019) (quoting *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019)). In this case, the conviction occurred within the Fourth Circuit. (Pet. 1 (noting that Dunlap was convicted and sentenced in the Eastern District of Virginia)).

Dunlap claims that he is entitled to relief under *Rehaif*. (Pet. 5, 8; Pet'r's Mem. 1.) Respondent moves to dismiss the petition based on the court's lack of jurisdiction because Dunlap's § 2241 petition fails to meet the statutory requirements for relief. (Mot. to Dismiss 1, 5, 8, 13–15, Dkt. No. 11.) Respondent also contends that Dunlap has procedurally defaulted his claims and that, in any event, the claims fail on the merits. (*Id.* at 1–2, 5, 15–26.) Before the court may entertain the merits of Dunlap's petition, however, he must overcome the jurisdictional hurdle.

Section 922(g) "provides that '[i]t shall be unlawful' for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194 (first alteration in original); *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. According to Dunlap, he lacked knowledge of the true nature of the charges he was facing

and of the *Rehaif* elements which the government would have had to prove at trial, and he was not made aware of the status element during the plea colloquy. (Pet. 6–7.) Therefore, Dunlap argues that his plea was not knowingly and voluntarily entered. (*Id.* at 8.)

As noted above, the court may not entertain Dunlap's § 2241 petition unless he can satisfy the conditions set forth in *Jones* or *Wheeler*. *See Asar v. Travis*, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D.S.C. Feb. 10, 2020) (*Asar I*) ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler* or *In re Jones*."), *adopted by* 2020 WL 3843638 (D.S.C. July 8, 2020) (*Asar II*). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with." *Ledezma-Rodriguez*, 2019 WL 4644556, at *2 (quoting *Wheeler*, 886 F.3d at 425).

Respondent agrees that Dunlap satisfies the first prong of the *Jones* test. (Mot. to Dismiss 9 n.3.) Respondent argues that Dunlap cannot satisfy the third prong of *Jones* because, although *Rehaif* is a decision of statutory interpretation, Dunlap makes constitutional arguments in support of his claims. (Mot. to Dismiss 1, 8; *see also* Pet. 6 (basing Ground One on "the rights afforded under the 5th, 6th, and 8th amendments."), 7 (noting in Ground Two that plea was brought about by Government's version of statute, "evading petitioner[']s right to trial by jury"), *id.* (arguing separation of powers violation in Ground Three), 8 (stating with respect to Ground Four that court's acceptance of plea without advising him of *Rehaif* element violated Fifth, Sixth, and Eighth Amendments)). The court need not decide whether Dunlap meets the third requirement of *Jones*, because he cannot satisfy the second.

Since *Rehaif*, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not

6

to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal, *see, e.g.*, *Asar II*, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); *see also Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); *Hoffman v. Breckon*, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of *Jones*, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*."), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Dunlap cannot meet the *Jones* requirements for use of § 2255's savings clause. Specifically, he cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334; *see also Wheeler*, 886 F.3d at 429. Therefore, he may not proceed under § 2241. Accordingly, jurisdiction over the petition is lacking, *see Wheeler,* 886

F.3d at 423, and the petition must be dismissed.[2]

III. CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Dunlap's petition. Accordingly, the court will dismiss the case without prejudice. An appropriate order will be entered.

Entered: September 27, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] Dunlap argues that his guilty plea must be vacated in light of two Fourth Circuit cases, *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020), and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 974 (2021), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (June 14, 2021). (Pet'r's Mem. 1, 4.) Neither case assists Dunlap.

*Lockhart* is distinguishable. For starters, *Lockhart* was before the Fourth Circuit on direct appeal, not collateral review. *See* 947 F.3d at 189. In addition, it was the combination of an error during the plea colloquy (being misinformed as to his potential sentence exposure) and a *Rehaif* error that led the appellate court to vacate Lockhart's conviction and remand the case to the district court for further proceedings. *Id.* at 196–97.

As for *Gary*, although it involved a stand-alone *Rehaif* claim, the Supreme Court issued an opinion on June 14, 2021, reversing the Fourth Circuit's decision in *Gary*. *Greer*, 141 S. Ct. at 2101. Therefore, *Gary* cannot serve as a basis for Dunlap's argument.